# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In Re: J.M., J.W., A.K., and A.K.

No. 15-0325 (Kanawha County 13-JA-213 through 13-JA-216)

**FILED**

September 21, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother S.M., by counsel Edward L. Bullman, appeals the Circuit Court of Kanawha County's March 17, 2015, order terminating her parental rights to J.M., J.W., A.K.-1 and A.K.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Jennifer R. Victor, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2013, the DHHR filed an abuse and neglect petition against petitioner alleging educational neglect, failure to provide for the children, and committing domestic violence in the presence of the children, which included stabbing A.K.-1's and A.K.-2's father D.K. The DHHR also alleged that petitioner frequently left the children in the care of their paternal grandmother and her adult nephew. According to the DHHR, petitioner knew that her adult nephew was a sex offender and allegedly sexually abused A.K.-1 in March of 2013. The petition also alleged that petitioner was arrested on charges of child endangerment after leaving J.W. on the side of the road following a domestic violence dispute with D.K. Several days later, the circuit court held a preliminary hearing. The circuit court found reasonable cause to believe that the children were abused or neglected. The circuit court ordered petitioner to submit to a

---

[1]Because two children share the same initials, the Court will refer to the children as A.K.-1 and A.K.-2 throughout the memorandum decision.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

psychological evaluation, participate in domestic violence counseling and anger management classes, and submit to random drug screens. The circuit court granted supervised visitation.

In November of 2013, the circuit court held its adjudicatory hearing. Petitioner stipulated to committing domestic violence in the presence of the children and anger management issues. The circuit court granted petitioner a post-adjudicatory improvement period with terms and conditions consistent with its preliminary hearing order.[3]

The circuit court held a series of review hearings on the progress of petitioner's post-adjudicatory improvement period. Upon reviewing petitioner's psychological evaluation, the circuit court adopted the recommendations and added certain terms and conditions to her improvement period requiring her to attend individualized therapy, parenting and domestic violence classes; a psychiatric consultation; to maintain gainful employment; and to obtain habitable independent housing. Initially, the circuit court continued petitioner's improvement period because she complied. At a subsequent review hearing, the DHHR presented evidence that while petitioner had a domestic violence protective order against D.K., she admitted to her service providers that she had daily telephone and face-to-face contact with D.K. in violation of the protective order. The DHHR also presented evidence that petitioner tested positive for marijuana. The circuit court continued petitioner's improvement period, but also ordered petitioner not to have any contact with D.K.

In January of 2015, the circuit court held a dispositional hearing. Petitioner testified that she only had contact with D.K. one time prior to his incarceration in June or July of 2014. As noted above, the DHHR presented evidence that petitioner admitted to having daily telephone and face-to-face contact with D.K. in violation of the protective order and the circuit court's no-contact order. D.K.'s testimony corroborated the evidence the he remained in contact with petitioner despite the protective order and no-contact order. As such, the circuit court found that petitioner's testimony "was not honest and her testimony was not credible." The circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect in the near future because she failed to respond or follow through with a reasonable family case plan.[4] This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the

---

[3]The Court notes that the circuit court did not enter an adjudicatory order until March 6, 2014. Pursuant to Rule 27 of Rules of Procedure for Child Abuse and Neglect Proceedings, "[t]he [circuit] court shall enter an order of adjudication, including findings of fact and conclusions of law, within ten days of the conclusion of the hearing[.]"

[4]Again, this Court reminds circuit courts that pursuant to Rule 36 of Rules of Procedure for Child Abuse and Neglect Proceedings, "[t]he [circuit] court shall enter a dispositional order, including findings of fact and conclusions of law, within ten days of the conclusion of the hearing."

facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in finding that her testimony regarding contact with D.K. was not credible. Specifically, the circuit court found that petitioner's testimony "was not honest and her testimony was not credible." We find that this finding was based on substantial evidence. While petitioner argues that she only had contact with D.K. one time prior to his incarceration, the DHHR presented a status update that petitioner and D.K admitted to their service provider that they were having daily telephone and face-to-face contact despite petitioner having a protective order and no-contact order against D.K.. Furthermore, D.K.'s testimony corroborated the evidence the he remained in contact with petitioner despite the no contact order. We have previously held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). As such, the circuit court was free to make credibility determinations when presented with conflicting testimony from petitioner, D.K., and the DHHR, and the Court refuses to disturb these determinations.

Finally, petitioner argues that the circuit court erred in terminating her parental rights because she substantially completed her improvement period. We recently held, "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re: B.H. and S.S.*, 233 W.Va. 57, 754 S.E.2d 743 (2014). Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights when they find that there was no reasonable likelihood that a parent could substantially correct the conditions of neglect in the near future and that termination was necessary for the children's welfare. West Virginia Code § 49-6-5(b)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" In the case at bar, the circuit court was presented with evidence that petitioner remained in contact with D.K. in violation of her domestic violence protective order and the circuit court's no-contact order. Furthermore, petitioner tested positive for marijuana during the underlying proceedings. The circuit court also heard testimony that despite

participating in services, petitioner continued to exercise poor judgment. Petitioner provided J.W. a cell phone that contained a sexually inappropriate picture. It is clear that petitioner did not substantially comply with her services, and there was no reasonable likelihood that she could substantially correct the conditions of abuse or neglect in the near future. Given the circumstances of this case, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court and its March 17, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: September 21, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II